Glenn Katon (SBN 281841)
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
gkaton@katon.law
(510) 463-3350
(510) 463-3349 (fax)

ATTORNEY FOR PLAINTIFF R.N.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| R.N., by and through his guardian ad litem RYAN NUBLA,<br><br>Plaintiff,<br><br>v.<br><br>VALLEJO CITY UNIFIED SCHOOL DISTRICT, PETER D. CIRELLI, and DOES 1-20,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff R.N., a minor, by and through his guardian ad litem Ryan Nubla, files this Civil Rights Complaint against Defendants Vallejo City Unified School District ("VCUSD"), Peter D. Cirelli, and DOES 1 through 20, based upon the following:

## I. INTRODUCTION

1. On October 8, 2025, Defendant Peter D. Cirelli, a teacher at Jesse Bethel High School, blocked Plaintiff R.N., a minor, from leaving his classroom, grabbed him, put him in a headlock against a wall, threw him to the ground, and pressed his knee into the child's chest. As R.N. lay on the floor under his teacher, Cirelli told him, "That's why you don't mess with old people . . . . you're gonna stay down." R.N. had done nothing to provoke the assault and posed no threat to anyone. The attack left R.N. with marks on his neck and lasting psychological trauma.

2. The assault was no isolated act. Defendant VCUSD knew that Cirelli had a history of physically grabbing, restraining, and even striking students. Cirelli's principal called this conduct "play fighting." VCUSD's tolerance of this pattern enabled the assault on R.N.

3. After the assault, instead of acknowledging what Cirelli had done, Cirelli and Principal Rasheena Bell Fesseha gave the family a false account designed to minimize their responsibility. Cirelli denied ever putting his hands on R.N. The principal told the family that students reported only that R.N. "fell," even though she knew students had reported that Cirelli threw him to the ground. Their lies have compounded R.N.'s trauma.

4. R.N. brings this action under 42 U.S.C. § 1983 and California law to vindicate his civil rights and to recover damages for the physical and emotional injuries Cirelli and VCUSD caused him.

## II. JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343. Jurisdiction over Plaintiff's state law claims is based on 28 U.S.C. § 1367.

6. Pursuant to Local Rule 120(d), this case is properly venued in the Sacramento Division of this Court, as a substantial part of the events or omissions giving rise to the claim occurred in Solano County.

7. Plaintiff has complied with the claim presentation requirements of California Government Code §§ 910 et seq. On January 24, 2026, Plaintiff timely presented an amended Government Code claim to VCUSD describing the October 8, 2025 incident, the public employees involved, and the injuries claimed. VCUSD rejected the claim on March 10, 2026.

## III. PARTIES

8. Plaintiff R.N., a minor, was at all times relevant to this case a resident of Vallejo, California. He brings this action by and through his guardian ad litem, Ryan Nubla, his father.

9. Defendant VCUSD was and is a public school district duly organized and existing under the laws of the State of California, based in Vallejo, California, and operating Jesse Bethel High School.

10. Upon information and belief, Defendant Cirelli was at all times relevant to this case a resident of the State of California, acting under color of state law as a teacher for VCUSD, and acting within the course and scope of that employment.

11. The true names and capacities of the Defendants Does 1 through Does 20 are unknown to Plaintiff, who therefore sues those Defendants by such fictitious names. Plaintiff further alleges that each of the Doe Defendants is in some manner responsible for the acts and occurrences in this Complaint. Plaintiff will amend this Complaint to show their true names and capacities when they are ascertained, as well as the manner in which each Doe Defendant is responsible.

## IV. FACTS

12. On October 8, 2025, Plaintiff R.N. was a student at Jesse Bethel High School, in a class taught by Defendant Cirelli.

13. At no time during the class was R.N. violent, disruptive, or engaged in any behavior that could justify a physical response.

14. When the bell rang and class was dismissed, Cirelli blocked R.N.'s path out of the classroom. As R.N. tried to step around him, Cirelli grabbed R.N., put him in a headlock, threw him to the ground, and pressed his knee into R.N.'s chest.

15. While R.N. was pinned beneath him, Cirelli said: "That's why you don't mess with old people . . . . you're gonna stay down."

16. Cirelli's assault left visible marks on R.N.'s neck.

17. R.N. was traumatized by the assault. He did not want to return to school. He became withdrawn at home and has, like many survivors of abuse, struggled to understand why his teacher attacked him.

18. Cirelli's attack on R.N. was not an isolated incident. VCUSD knew, or in the exercise of reasonable care should have known, that Cirelli had a history of physically grabbing, restraining, and striking students. Principal Rasheena Bell Fesseha has acknowledged that Cirelli "play fights with students playfully a lot" and that "it happens."

19. Cirelli physically assaulted another student after his attack on R.N.

20. After the incident, R.N.'s parents asked to meet with Principal Fesseha to discuss the assault and seek accountability. Principal Fesseha, Cirelli, Cirelli's union representative, R.N., and R.N.'s parents attended the meeting.

21. R.N. and his parents went into the meeting hoping that Cirelli and Principal Fesseha would acknowledge what happened and accept responsibility. Instead, Cirelli lied. He denied ever putting his hands on R.N., claiming only that he grabbed R.N.'s backpack and that R.N. fell. Cirelli denied putting his hands him.

22. Principal Fesseha also gave a false account of what student witnesses had reported. She told the family that students reported only that Cirelli pulled R.N. by the backpack and that there was some tumbling before R.N. "fell." In fact, she knew that students had reported that Cirelli tackled R.N.

23. Principal Fesseha personally viewed photographs of the marks on R.N.'s neck. She admitted that she was not sure how that happened if Cirelli only grabbed his backpack.

24. Principal Fesseha conceded during the meeting that the school's investigation had revealed a pattern of physical contact between Cirelli and students, including students reporting that Cirelli slapped students in the face. She told the family she had been genuinely in shock at the scope of physical contact revealed in the student reports.

25. Despite knowing of Cirelli's history of "play fighting" with students and of the assault on R.N., VCUSD returned Cirelli to the classroom shortly after the incident. Weeks after the assault, R.N. had still not been formally transferred out of Cirelli's class; R.N. was instead instructed to report to the office during fifth period, accumulating absences.

26. The assault and the school's response have caused R.N. to suffer ongoing emotional and psychological trauma, loss of trust in school authorities, fear and anxiety about returning to school, declining academic performance, missed school days, and loss of self-esteem. The dishonest accounts that Cirelli and Principal Fesseha gave have compounded the harm.

27. We expect teachers and principals to lead by example and teach students to acknowledge their mistakes and take responsibility for them. Cirelli and Principal Fesseha did the

opposite: they lied to a child about what they did to him, presumably to save their jobs and minimize VCUSD's liability.

## V. CLAIMS

### COUNT ONE

**Municipal Liability under 42 U.S.C. § 1983 (Monell)**

**Against Defendant VCUSD**

1. Defendant VCUSD had a policy, practice, or custom of allowing Cirelli to assault students without meaningful intervention, supervision, or discipline. Principal Fesseha has acknowledged that Cirelli "play fights with students playfully a lot" and that "it happens."

2. Through its principals and administrators, VCUSD had actual or constructive knowledge of Cirelli's pattern of grabbing, restraining, and striking students, but they failed to take adequate steps to stop the conduct, supervise Cirelli, or discipline him.

3. VCUSD's policy, practice, or custom of tolerating Cirelli's physical contact with students was deliberately indifferent to the constitutional rights of students under the Fourth and Fourteenth Amendments, including R.N.'s rights.

4. VCUSD's policy, practice, or custom was an actual and proximate cause of R.N.'s injuries.

### COUNT TWO

**Excessive Use of Force, 42 U.S.C. § 1983**

**Against Defendant Cirelli**

5. Defendant Cirelli was acting under color of state law when he assaulted R.N., a minor student who posed no threat to anyone.

6. By grabbing R.N., placing him in a headlock, throwing him to the ground, and pressing his knee into R.N.'s chest, Cirelli seized R.N. and used force that was objectively unreasonable under the circumstances.

7. Cirelli's actions violated R.N.'s right to be free from unreasonable seizures under the Fourth Amendment to the U.S. Constitution and his right to bodily integrity under the Due Process Clause of the Fourteenth Amendment.

8. Cirelli's conduct was an actual and proximate cause of R.N.'s physical and emotional injuries.

**COUNT THREE**

**Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1**

**Against Defendants Cirelli and VCUSD**

9. Defendant Cirelli, by means of threats, intimidation, and coercion — namely, by physically grabbing, restraining, and assaulting R.N. — interfered with R.N.'s rights to be free from unreasonable seizure under the Fourth Amendment to the U.S. Constitution, his right to bodily integrity under the Fourteenth Amendment, his right to be free from cruel or unusual physical punishment under California Education Code § 49001, and his right to attend a safe public school under Article I, § 28(f)(1) of the California Constitution.

10. Cirelli acted with the specific intent to interfere with R.N.'s exercise and enjoyment of those rights, or with reckless disregard of whether his conduct would interfere with those rights.

11. Defendant VCUSD is vicariously liable for Cirelli's Bane Act violation pursuant to California Government Code § 815.2 because Cirelli was acting within the course and scope of his employment at the time of the assault.

12. R.N. has been harmed, and Cirelli's conduct was a substantial factor in causing R.N.'s harm.

13. R.N. is entitled to actual damages, statutory damages, attorney fees, and costs pursuant to California Civil Code § 52.1(c) and (i).

**COUNT FOUR**

**Battery**

**Against Defendants Cirelli and VCUSD**

14. Defendant Cirelli intentionally touched R.N. in a harmful and offensive manner when he grabbed R.N., placed him in a headlock, threw him to the ground, and pressed his knee into R.N.'s chest.

15. R.N. did not consent to the touching. No legal privilege justified the touching.

16. A reasonable person in R.N.'s position would have been offended by the touching.

17. R.N. was harmed by the touching, and Cirelli's conduct was a substantial factor in causing the harm.

18. Defendant VCUSD is vicariously liable for Cirelli's battery under California Government Code § 815.2 because Cirelli committed the battery within the course and scope of his employment.

**COUNT FIVE**

**Negligent Hiring, Supervision, and Retention**

**Against Defendant VCUSD**

19. VCUSD, through its administrators and supervisors (including Doe Defendants), knew or in the exercise of reasonable care should have known that Cirelli had a history of physically grabbing, restraining, and striking students.

20. VCUSD had a duty to use reasonable care in the hiring, training, supervision, and retention of teachers entrusted with the safety of minor students.

21. VCUSD breached that duty by failing to adequately supervise Cirelli, failing to discipline him for prior physical contact with students, and retaining him in a position with continuing access to students despite knowledge of his conduct.

22. VCUSD's breach was an actual and proximate cause of the assault on R.N. and his resulting injuries.

23. VCUSD is liable under California Government Code § 815.2 for the negligent acts and omissions of its employees acting within the course and scope of their employment.

## VI. JURY DEMAND

R.N. demands trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff R.N. demands judgment in his favor and against Defendants, jointly and severally as applicable, including:

a. General, special, and exemplary damages in an amount according to proof;

b. Statutory damages under California Civil Code § 52.1 and any other applicable statute;

c. Attorney fees pursuant to 42 U.S.C. § 1988, California Civil Code § 52.1(i), and any other applicable statute;

d. Costs of suit and pre-judgment and post-judgment interest as provided by law;

e. Such other and further relief in favor of Plaintiff as is just and proper.

Respectfully submitted,

/s/ Glenn Katon
Glenn Katon

ATTORNEY FOR PLAINTIFF R.N.