Glenn Katon (SBN 281841)
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
gkaton@katon.law
(510) 463-3350
(510) 463-3349 (fax)

ATTORNEY FOR PLAINTIFF R.N.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| R.N., by and through his guardian ad litem RYAN NUBLA,<br><br>Plaintiff,<br><br>v.<br><br>VALLEJO CITY UNIFIED SCHOOL DISTRICT, PETER D. CIRELLI, and DOES 1-20,<br><br>Defendants. | Case No.<br><br>**PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM; MEMORANDUM IN SUPPORT** |

**PLEASE TAKE NOTICE** that Plaintiff R.N., a minor, by and through his proposed guardian ad litem Ryan Nubla, petitions the Court to appoint Ryan Nubla as his guardian ad litem in this case.

Respectfully submitted,

KATON.LAW

/s/ Glenn Katon
Glenn Katon

ATTORNEY FOR PLAINTIFF R.N.

**MEMORANDUM IN SUPPORT OF PETITION FOR**
**APPOINTMENT OF GUARDIAN AD LITEM**

## I. FACTS

Ryan Nubla is the father of R.N., who is the Plaintiff in this case. A teacher for the Defendant school district assaulted R.N. as set forth in the Complaint. Nubla is a suitable Guardian Ad Litem for R.N., and he will prosecute this case for the benefit of R.N., who has no other appointed representative or guardian. As a minor, R.N. can only bring her claims by way of a guardian ad litem. Nubla has no interests adverse to R.N.

## II. ARGUMENT

Rule 17(c) of the Federal Rules of Civil Procedure, provides:

> An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other orders as it deems proper for the protection of the infant or incompetent person.

Ryan Nubla, as the father of R.N., is an appropriate candidate to serve as guardian ad litem for purposes of pursuing an action for the violation of his son's constitutional and statutory rights. The sole purpose of the guardianship would be to ensure that any proceeds of the action are properly secured in an institution until R.N. reaches majority.

Eastern District Local Rule 202(c) provides:

> Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

a. *Terms of Attorney Employment*

Plaintiff's counsel entered into a contingency fee agreement with Ryan Nubla, individually and in the capacity of guardian ad litem to his biological son, R.N.

b. *Attorney's Involvement*

Plaintiff's counsel did not become involved in the application at the instance of the

parties against whom the causes of action are asserted. Indeed, Plaintiff's counsel has no connection whatsoever with any of the Defendants aside from instant lawsuit.

c. *Attorney's Relationship with Defense*

Again, Plaintiff's counsel has no connection whatsoever with any of the Defendants aside from instant lawsuit.

d. *Attorney's Compensation*

Plaintiffs' counsel has not received any compensation but expects to receive compensation if there is a settlement or verdict. The compensation will be from a percentage of any settlement or verdict. The contingency fee in this matter provides for 25% of a settlement or judgment, plus reimbursement of case costs. *Sykes v. Shea*, 2018 WL 2335774, at *1 (E.D. Cal. May 23, 2018) ("It has been the practice in the Eastern District of California to consider 25% of the recovery as the benchmark for attorney's fees in contingency cases involving minors.") (citation and internal quotation marks omitted); L.M. by and through *Martin v. Kern High School District*, 2019 WL 1099983, at *3 (E.D. Cal. Mar. 8, 2019) ("In the Eastern District of California, 25% of the recovery is a reasonable benchmark for attorneys' fees in contingency cases involving minors.") (citations omitted). Regardless, the Court may address the reasonableness of the attorney fee at the conclusion of the case.

## III. CONCLUSION

For all the reasons stated above, petitioner Ryan Nubla respectfully submits that the Court should issue an order appointing him as guardian ad litem for his son, R.N.

Respectfully submitted,

KATON.LAW

/s/ Glenn Katon
Glenn Katon

ATTORNEY FOR PLAINTIFF R.N.